WR-82,831-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/6/2015 3:39:05 AM
Accepted 2/6/2015 9:42:33 AM
ABEL ACOSTA
CLERK

NO._____

RECEIVED
COURT OF CRIMINAL APPEALS
2/6/2015
ABEL ACOSTA, CLERK

In The

# TEXAS COURT OF CRIMINAL APPEALS

## IN RE:
## LUIS SOLIS-GONZALEZ,

## RELATOR

### FROM THE 243RD JUDICIAL DISTRICT COURT
### IN EL PASO COUNTY, TEXAS

**Trial Court Cause No. 20120D04103**

## EMERGENCY PETITION FOR WRIT OF MANDAMUS

JOSHUA C. SPENCER
Attorney for Relator
State Bar No. 24067879
1009 Montana Ave.
El Paso, Texas  79902
Telephone:  (915)532-5562
Facsimile:  (915)532-7535
joshua@joespencerlaw.com

JOE A. SPENCER, JR.
Attorney for Relator
State Bar No. 18921800
1009 Montana Ave.
El Paso, Texas  79902
Telephone(915)532-5562
Facsimile:(915)532-7535
joe@joespencerlaw.com

# REQUEST ORAL ARGUMENT

In re: Luis Solis-Gonzalez                                                              i

# TABLE OF CONTENTS

Identity of Parties and Counsel……………………………………..……iv

Index of Authorities…………………………………………………..v

Statement of the Case………………………………………………1

Statement of Jurisdiction………………………………..…………….2

Issue Presented forRelief……………………………….…………….4

Statement of Facts……………………………………………….5

Argument………………………………………………...7

**Issue 1:** **Whether Respondent abused his discretion by ordering the Defendant to proceed to trial for a capital offense in which the State is seeking the death penalty before the Texas Department of Public Safety performs DNA testing of biological evidence collected as part of the investigation for the offense.**……………………….……….7

A. Mandamus is available to review Respondent's order pursuant to Article 38.43(l)……………………………………**7**

B. Respondent abused his discretion when he disregarded the Texas Department of Public Safety request to extend the deadline to complete DNA analysis pursuant to Article 38.43(i)……………**9**

C. Speedy Trial does not rebut the presumption that biological material that the Defendant requests to be tested constitutes biological evidence that is required to be tested under Subsection (i) of Article 38.43……………………………………………**10**

D. Respondent's order to proceed to trial without DNA testing of the remaining untested biological material in the State's possession is improper and denies Relator Due Process and Equal Protection under Article I, §10, 15, and 19 of the Texas Constitution and 5th, 6th, and 14th Amendment of the United States Constitution……**12**

Prayer…………………………………………………………….………..**13**

Verification…………………………………………………………………..**14**

Appendix……………………………………………………………………**15**

## IDENTITY OF PARTIES & COUNSEL

Relators certify that the following is a complete list of the parties, the attorneys, and any other person who has any interest in the outcome of this matter:

| PARTIES | COUNSEL |
|---|---|
| Luis Solis-Gonzalez, <br> *Relator* | Joe A. Spencer, Jr. <br> 1009 Montan Ave. <br> El Paso, Texas 79902 <br> Tel: (915) 532-5562 <br> Fax: (915) 532-7535 <br> Attorney For Relator <br><br> And <br><br> Joshua C. Spencer <br> 1009 Montana Ave. <br> El Paso, Texas 79902 <br> Tel: (915) 532-5562 <br> Fax: (915) 532-7535 <br> Attorney For Relator |
| The Honorable Luis Aguilar <br> *Respondent* | |
| District Attorney Jaime Esparza <br> Office of 34th Judicial District Attorney <br> *Real Party-In-Interest* | Denise Butterworth <br> 500 E. San Antonio <br> El Paso, Texas 79901 <br> Tel: (915) 546-2059 <br> Fax: (915) 533-5520 <br> Attorney For Real Party-In-Interest |

# INDEX OF AUTHORITIES CASES

*1.    Barker v. Wingo,*

    407 U.S. 514, 523 (1972)…………………………    Page 10

*2.    Cantu v. State,*

    253W.3d 273, 280 (Tex.Crim.App.2008)………    Page 10

*3.    De Leon v. Aguilar,*

    126 S.W.3d 1, 5 (Tex.Crim.App.2004)……..……    Page 7

*4.    Faulder v. State,*

    612 S.W.2d 512, 513 (Tex.Crim.App.1980)…..…    Page 2

*5.    Kopeski v. Martin,*

    629 S.W.2d 743, 744 (Tex. Crim.App.1982)…….    Page *2*

*6.    Padilla v. McDaniel,*

    122 S.W.3d 805, 808 (Tex.Crim.App.2003)……    Page 2

*7.    Stearnes v. Clinton,*

    780 S.W.2d 216, 219 (Tex.Cr.App.1989)..………    Page 7

*8.    State ex rel. Curry v. Gray,*

    *726 S.W.2d 125, 128 (Tex.Cr.App.1987)*………..    Page 8

*9.    State ex rel. Lykos v. Fine,*

    330 S.W.3d 904 (Tex. Crim. App. 2011)………...    Page 3

*10.    State ex rel. Millsap v. Lozano,*

    692 S.W.2d 470, 481 (Tex. Crim.App.1985)…….    Page 2

*11.    State ex rel. Vance v. Routt,*

    571 S.W.2d 903 (Tex.Crim.App.1978)………….    Page 2

*12.    State ex rel. Watkins v. Creuzot,*

    352 S.W.3d 493 (Tex.Crim.App.2011)………….    Page 3

*13.*    *Texas Board of Pardons and Paroles v. Miller,*

   590 S.W.2d 142 (Tex. Crim.App.1979)…………... Page 2

*14.*    *Thomas v. Stevenson,*

   561 S.W.2d 845 (Tex. Crim.App.1978)…………... Page 2

## STATUTES

1.    Tex. Code. Crim. Proc. art 38.43…………………    Page 7, 9, 11

2.    Tex. Code. Crim. Proc. Ann. Art 4.04, § 2 (Vernon 2005)…Page 2

3.    Tex. Const. art. I, §10, 19…………………………….    Page 12

4.    United States Const, Amend. 5, 6, and 14………..…..    Page 12

## STATEMENT OF THE CASE

*The Underlying Proceeding*. Respondent orders DNA testing on all items submitted by the El Paso Police Department containing biological evidence. **Tab C**. Twenty-one days later, Respondent orders a deadline for DPS to complete DNA testing by September 1, 2014. **Tab D**. The DNA section Supervisor and Technical Leader from the Texas Department of Public Safety sends a letter to Respondent to reconsider the deadline requesting for a June 1, 2015 deadline. **Tab E**. On June 25, 2014, Respondent sends a letter to the attorneys for the Defendant and the State indicating the pre-trial hearing for July 16, 2014 is to determine Article 38.43 applicability and the legislative intent balanced with the Speedy Trial rights of the accused and the State. T**ab F**. Subsequently, Respondent cancelled the hearing, Tab H, and sets the pretrial hearing for October 2, 2014. **Tab I**.

*The Respondent*. The Respondent is the Honorable Luis Aguilar, presiding judge of the 243rd District Court of El Paso County, Texas.

*Respondent's actions*. On January 9, 2014, one month before Relator is set for papering the jury, Respondent ordered the applicability of Tex. Code Crim. Pro., Article 38.43 "does not mandate that every single piece of evidence seized by law enforcement must be forensically analyzed and the evidence that has been submitted and analyzed so far by DPS is sufficient and constitutes substantial compliance with the intent of the statute. **Tab G**. Respondent has ordered Relator to be tried for a capital offense in which the state is seeking the death penalty before DNA testing can be completed on the biological material requested by Relator.

## STATEMENT OF JURISDICTION

Jurisdiction of this Honorable Court is invoked pursuant to Tex. Const, art. V, § 5(c); Tex. Code Crim. Proc. Ann. art 4.04, § 1 (Vernon 2005); Tex. R. App. P. 72.1; and Tex. R. App. P. 52. *See Faulder v. State*, 612 S.W.2d 512, 513 (Tex. Crim. App. 1980); *see also State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 481 (Tex. Crim. App. 1985) (citing *Texas Board of Pardons and Paroles v. Miller*, 590 S.W.2d 142 (Tex. Crim. App. 1979); *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex. Crim. App. 1978); *State ex rel Vance v. Routt*, 571 S.W.2d 903 (Tex. Crim. App. 1978)); *Kopeski v. Martin*, 629 S.W.2d 743, 744 (Tex. Crim. App. 1982) (citing *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex. Crim. App. 1978)).

When a court of appeals and the Court of Criminal Appeals have concurrent, original jurisdiction over a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals, unless there is a compelling reason not to do so. Tex. R. App. P. 52.3(e); *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003). Relator is presenting his petition to this Court because this Court has sole jurisdiction over death penalty appeals in Texas. *See* Tex. Code Crim. Proc. Ann. art 4.04, § 2 (Vernon 2005). Respondent has ordered trial to proceed in a capital death penalty case without all biological evidence tested by Texas DPS Crime Laboratory for DNA comparison contrary to the law Relator invokes as definite, unambiguous, and unquestionably applies to the indisputable facts of the case.[1]  Even if this Court had

---

[1]     Texas Code of Criminal Procedure 38.43(i).  Before a defendant is tried for a capital offense in which the state is seeking the death penalty, subject to Subsection (j), the **state shall** require either the Department of Public Safety through one of its laboratories or a laboratory accredited under Section 411.0205, Government Code, to **perform DNA testing**, in accordance with the laboratory's capabilities at the time the testing is performed, **on any biological evidence that was collected** as part of an investigation of the offense and is in the possession of the state.  The laboratory that performs the DNA testing shall pay for all DNA testing performed in accordance with this subsection.

concurrent jurisdiction over this petition with a court of appeals, there are compelling reasons to present this petition to this Court. Respondent's erroneous order has profoundly important and widespread constitutional implications, and the underlying issues are so fundamental that the petition will inevitably reach this Court. Consequently, filing in the court of appeals would likely serve only to unduly delay the final resolution of an important constitutional issue, adding still further delay to the commencement of defendant's trial. Furthermore, the courts of appeals are not accustomed to handling issues arising in death penalty cases, whereas this Court routinely deals with those issues. Finally, petitions addressing ministerial decisions in death penalty cases are frequently filed initially with this Court, which has assumed jurisdiction over their resolution. *See State ex rel. Lykos v. Fine*, 330 S.W. 3d 904 (Tex. Crim. App. 2011) (assuming original jurisdiction over writ of mandamus and prohibition action arising from pre-trial ruling in capital case); *State ex rel. Watkins v. Creuzot*, 352 S.W. 3d 493 (Tex. Crim. App. 2011) (same); *see also id*. at 499 (concluding that "a writ of mandamus or prohibition is an appropriate vehicle to review the propriety of. . .the trial judge's order").

## ISSUE PRESENTED FOR REVIEW

Issue 1: Whether Respondent abused his discretion by ordering the Defendant to proceed to trial for a capital offense in which the State is seeking the death penalty before the Texas Department of Public Safety performs DNA testing of biological evidence collected as part of the investigation for the offense.

      A.      Mandamus is available to review Respondent's order pursuant to Article 38.43(l).

      B.      Respondent abused his discretion when he disregarded the Texas Department of Public Safety request to extend the deadline to complete DNA analysis pursuant to Article 38.43(i)

      C.      Speedy trial does not rebut the presumption that biological material that the defendant requests to be tested constitutes biological evidence that is required to be tested under Subsection (i) of Article 38.43.

      D.      Respondent's order to proceed to trial without DNA testing of the remaining untested biological material in the State's possession is improper and denies Relator Due Process and Equal Protection under Article I, §10, 15, and 19 of the Texas Constitution and 5th, 6th, 14th Amendment of the United States Constitution.

**STATEMENT OF FACTS**

Relator is under indictment for capital murder and the State has filed a notice of intent to seek the death penalty.  **Tab A**.  Real Parties In Interest requested by written motion for Texas Department of Public Safety ("DPS") to test all items submitted by the El Paso Police Department containing biological evidence for DNA comparison, pursuant to Texas Code of Criminal Procedure (T.C.C.P.), Article 38.43.  **Tab B**.  Respondent grants the motion for DNA testing on April 23, 2014.  **Tab C.**  On May 13, 2014, Respondent orders a deadline for DPS to complete DNA testing by September 1, 2014.  **Tab D**.  On June 5, 2014, less than a month after Respondent set the deadline, the DNA section Supervisor and Technical Leader from the Texas Department of Public Safety sends a letter to Respondent stating a June 1, 2015 deadline gives them approximately 15 months from the time 158 items of evidence was submitted for analysis and to reconsider the Respondent's court ordered deadline.  **Tab E**.  On June 25, 2014, Respondent writes a letter to the attorneys for the Defendant and the State indicating the purpose of the pre-trial hearing for July 16th is to determine Article 38.43 applicability and the legislative intent balanced with the Speedy Trial rights of the accused and the State.  **Tab F**.  The pretrial hearing was cancelled and rescheduled for October 2, 1014.  **Tab H** and **I**.  During the pretrial hearing, Relator produced photographs for Respondent to review in camera of 158 items collected by the El Paso Police Department as biological material and requested all biological evidence be tested pursuant  to Respondent's April 23rd order and Article 38.43(i).

On January 9, 2014, Respondent ordered the applicability of T.C.C.P. Article 38.43 "does not mandate that every single piece of evidence seized by law enforcement must be forensically analyzed and the evidence that has been submitted and analyzed so far by DPS is sufficient and constitutes substantial compliance

with the intent of the statute." **Tab G.** Respondent has ordered trial to proceed in a capital death penalty case before requiring Real Parties In Interest to perform required DNA testing on biological evidence collected as part of the investigation for the offense mandated under T.C.C.P., Article 38.43(i).

ISSUE 1: Whether Respondent abused his discretion by ordering the Defendant to proceed to trial for a capital offense in which the State is seeking the death penalty before the Texas Department of Public Safety performs DNA testing of biological evidence collected as part of the investigation for the offense.

## A.  Mandamus is available to review Respondent's order pursuant to Article 38.43(l) of the Texas Code of Criminal Procedure.

The traditional test for determining whether mandamus relief is appropriate requires the relator to establish two things.  First, he must show that he has no adequate remedy at law to redress his alleged harm.  Second, he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision.  *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).  Writ of mandamus is the exclusive remedy for testing that was not performed as required under subsection (i) or (j) of Article 38.43.[2]  The question to decide in the instant case involves a ministerial act, whether the respondent had the authority to act as he did.  This requirement has often been couched in terms of requiring that the judicial conduct from which relief is sought be "ministerial" in nature: "Historically, this Court has stated that to be entitled to the extraordinary relief of mandamus, the relator must establish ... (1) that the act sought to be compelled is purely ministerial, as opposed to discretionary or judicial in nature...." Stearnes v. Clinton, 780 S.W.2d

---

[2] Tex. Code Crim. Pro. 38.43(l).  The defendant's exclusive remedy for testing that was not performed as required under Subsection (i) or (j) is to seek a writ of mandamus from the court of criminal appeals at any time on or before the date an application for a writ of habeas corpus is due to be filed in the defendant's case under Section 4(a), Article 11.071.  An application for a writ of mandamus under this subsection does not toll any period of limitations applicable to a habeas petition under state or federal law.  The defendant is entitled to only one application for a writ of mandamus under this subsection.  At any time after the date an application for a writ of habeas corpus is filed in the defendant's case under Section 4(a), Article 11.071, the defendant may file one additional motion for forensic testing under Chapter 64.

216, 219 (Tex.Cr.App.1989)(emphasis supplied).  In State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.Cr.App.1987),  the court held that: [A] ministerial act is one which is accomplished without the exercise of judgment or discretion.  If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution.

Here, Respondent not only acted without reference to the guiding rules and procedures applicable to DNA testing in a capital offense in which the state is seeking the death penalty, Respondent:

(i)     ordered a deadline for required DNA testing to the Texas Department of Public Safety not permitted by Article 38.43;

(ii)     reviewed no evidence to rebut the presumption that the biological material that was requested to be tested constituted required testing pursuant to Article 38.43(i); and

(iii)     is compelling a Defendant to be tried for a capital offense in which the state is seeking the death penalty before all required DNA testing is performed by the state, mandated by Article 38.43(i).

The circumstances of this case are such that they effectively extinguished any discretion Respondent had regarding the State to perform required DNA testing.  Once the Court ordered all items submitted by the El Paso Police Department containing biological evidence for DNA comparison, **Tab C**, his actions then became "ministerial" in nature and any deviation by Respondent from the one clearly dictated course of action is a per se abuse of discretion.  Thus, mandamus is appropriate.

**B.      Respondent abused his discretion when he disregarded the Texas Department of Public Safety request to extend the deadline to complete DNA analysis pursuant to Article 38.43(i)**

Although mandamus is extraordinary, no other remedy is adequate when, as here, a trial court fails to adhere to the specific requirements of Texas Code of Criminal Procedure, Article 38.43(i). The statute reads:

> Before a defendant is tried for a capital offense in which the state is seeking the death penalty, subject to Subsection (j), the *state shall require* either the *Department of Public Safety* through one of its laboratories or a laboratory accredited under Section 411.0205, Government Code, *to perform DNA testing*, in accordance with the laboratory's capabilities at the time the testing is performed, *on any* biological evidence that was collected as part of an investigation of the offense and is in the possession of the state. The laboratory that performs the DNA testing shall pay for all DNA testing performed in accordance with this subsection. (emphasis added)

The statute does not permit the trial court exercise any judicial discretion or deviate from the mandate that any biological evidence shall be required testing before a defendant a tried for a capital offense. Furthermore, the Texas Department of Public Safety gave timely notice to the Respondent that court ordered deadline was impracticable. **Tab E**. It is a clear abuse of discretion for Respondent to exercise an opinion that the DPS has analyzed sufficient evidence that constitutes substantial compliance with the intent of the statute and order the case proceed to trial before DPS has the opportunity to complete DNA testing. **Tab G**.

**C.    Speedy Trial does not rebut the presumption that biological material that the Defendant requests to be tested constitutes biological evidence that is required to be tested under Subsection (i) of Article 38.43.**

Respondent sent a letter on June 25, 2014 to the attorneys, **Tab F**, indicating the pre-trial hearing for July 16, 2014 is to determine Article 38.43 applicability and the legislative intent balanced with the Speedy Trial rights of the accused and the State.  Subsequently the pretrial was cancelled, **Tab H**, and rescheduled for October 2, 2014.  **Tab I**.  At the pretrial hearing, Relator produced photographs for Respondent to review in camera of 158 items collected by the El Paso Police Department as biological material and requested all biological evidence be tested pursuant Respondent's April 23rd order and Article 38.43(i).

The right to a speedy trial cannot be quantified in days or months. *Barker v. Wingo,* 407 U.S. 514, 523 (1972). Thus, Texas courts "analyze federal constitutional speedy-trial claims 'on an ad hoc basis' by weighing and then balancing the *Barker v. Wingo* factors."  *Cantu v. State,* 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Barker v. Wingo,* 407 U.S. 514, 532 (1972)).  These factors include the (a) length of the delay, (b) reason for the delay, (c) assertion of the right, and (d) prejudice to the accused. *Barker,* 407 U.S. at 530; *Cantu,* 253 S.W.3d at 280.

In the instant case, DPS has requested for 15 months to complete DNA testing of the items submitted to the crime lab.  The reason the DNA Section Supervisor and Technical Leader requested for the extension of time was because the department only has four lab technicians, two of which can only do DNA testing. Additionally, DPS has gathered a team of lab technicians to expedite the testing to reduce the length of the delay.  **Tab E**.  The reason for the delay is reasonable and practical in consideration to the amount of biological material that needs to be test

ed, 158 items. Relator/Defendant has waived all speedy trial issues so that proper DNA testing maybe completed.

Relator/Defendant will not be prejudiced by the amount of time DPS requires to complete the DNA testing submitted in the instant case. On the other hand, Respondent's erroneous interpretation of Article 38.43 is harmful error and Relator/Defendant is substantially prejudiced by the trial court's action. Article 38.43(j) states in relevant part,

> If the state and the defendant do not agree on which biological materials qualify as biological evidence, the state or the defendant may request the court to hold a hearing to determine the issue. On receipt of a request for a hearing under this subsection, the court shall set a date for the hearing and provide written notice of the hearing date to the state and the defendant. At the hearing, there is *a rebuttable presumption that the biological material that the defendant requests to be tested constitutes biological evidence that is required to be tested under Subsection (i)*. This subsection does not in any way prohibit the state from testing biological evidence in the state's possession. (emphasis added).

On October 2, 2014, the pretrial hearing was heard by Respondent; however, no evidence was presented by the Real Parties In Interest/State to rebut the presumption that the biological material Relator/Defendant requested to be tested constituted biological evidence that is *required* to be tested under subsection (i). (Emphasis added) The language of the statute is clear and unambiguously mandates Respondent to conduct the ministerial act of allowing the State to comply with Article 38.43(i) as it originally had ordered on April 23, 2014. **Tab C**.

**D. Respondent's order to proceed to trial without DNA testing of the remaining untested biological material in the State's possession is improper and denies Relator Due Process and Equal Protection under Article I, §10, and 19 of the Texas Constitution and 5th, 6th, 14th Amendment of the United States Constitution.**

Under Article I, §19 of the Texas Constitution and the 5th Amendment of the United States Constitution mandates that the State shall not deprive life […] except by the due course of the law of the land. Relator is on trial for his life and Respondent's actions to expedite the DNA testing and enforcing unreasonable deadlines to complete DNA testing when the State is seeking the death penalty violates the Relator's constitutional rights to life. Before Relator/Defendant is tried for a capital he "shall have compulsory process for obtaining witnesses in his favor." *See* Tex. Const. Art. I, §10 and 6th Amend U.S. Const.. Respondent has denied Relator's opportunity for compulsory process because a defense can arise from DNA testing of biological evidence obtained during the investigation of the offense. Thus, Respondents order improper and constitutes harmful error.

## PRAYER

For these reasons, Relator asks that the Court grant a writ of mandamus ordering Respondent to vacate his January 9, 2015, order proceeding with the lawsuit and remaining on the trial docket for May 8, 2015 before completing DNA testing of biological evidence submitted to DPS and in the possession of the State. The Court should order Respondent to conduct all further proceedings strictly in accordance with the procedures and limitations set forth in Article 38.43 of the Texas Code of Criminal Procedure.

Respectfully submitted,


Joe A. Spencer
Attorney and Counselor at Law
1009 Montana Ave.
El Paso, Texas 79902
(915) 532-5562
(915) 532-7535 fax
joe@joespencerlaw.com

 /s/ *Joe A. Spencer*
Joe A. Spencer
State Bar No. 18921800


Joshua C. Spencer
Attorney and Counselor at Law
1009 Montana Ave.
El Paso, Texas 79902
(915) 532-5562
(915) 532-7535 fax
joshua@joespencerlaw.com

 /s/ *Joshua C. Spencer*
Joshua C. Spencer
State Bar No. 24067879

## STATEMENT OF COMPLIANCE

In conformity with Rule 9.4(i)(3), this petition is prepared using a proportionally spaced typeface, and contains 2,999 words in the body of the petition above the signature block. The word-count information is obtained from a Macintosh Word Counting Program version 2014.

## VERIFICATION

I certify that I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

/s/ *Joshua C. Spencer*
Joshua C. Spencer
State Bar No. 24067879

/s/ *Joe A. Spencer*
Joe A. Spencer
State Bar No. 18921800

# APPENDIX

Relator Solis-Gonzalez submits these documents in support of his petition for mandamus.

## LIST OF DOCUMENTS

1.      Indictment, dated on August 28, 2012……………………………………… Tab A

2.      Motion for DNA testing by the Texas Department of Public Safety,

        Crime Laboratory pursuant to T.C.C.P. Article 38.40,

        dated April 22, 2014…………………………………………………………Tab B

3.      Order, dated on April 23, 2014………………………………………... Tab C

4.      Order Setting Deadline for Completion of DNA Testing, dated on

        May 13, 2014………………………………………………………….. Tab D

5.      Texas Department of Public Safety letter, dated on June 5, 2014…….. Tab E

6.      Honorable Luis Aguilar letter to Attorneys for State and Defendant,

        dated on June 25, 2014…………………………………………… Tab F

7.      **Order complained** of, dated on January 9, 2015………………… Tab G

8.      Order Canceling July 16, 2014 Pretrial Hearing…………………… Tab H

9.      Order Setting Pretrial Hearing, dated on September 26, 2014……… Tab I